# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Matthew Kurtenbach,                            Case No. 21-cv-2376 (DSD/TNL)

                    Plaintiff,

v.                                                        **ORDER**

Reliance Telephone Services,

                    Defendant.

Plaintiff Matthew Kurtenbach, a prisoner, applied for *in forma pauperis* ("IFP") status in this matter. *See* ECF No. 2. In an order dated November 2, 2021, this Court noted that Kurtenbach appeared to be ineligible for IFP status due to having accrued three "strikes" under 28 U.S.C. § 1915(g). Under that provision,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As this Court noted in the November 2 order, Kurtenbach appeared to have been subject to three such dismissals while acting as a prisoner-litigant. *See Kurtenbach v. Hughes County*, No. 3:21-CV-3003 (JLV), ECF No. 7 (D.S.D. Apr. 23, 2021); *Kurtenbach v. Corizon Health Inc.*, No. 2:13-CV-0147 (SWS), ECF No. 14 at 2 (D. Wyo. Jan. 3, 2014); *Kurtenbach v. Bertsch*, No. 5:12-CV-5077 (JLV), ECF No. 17 (D.S.D. May 8, 2013).

Accordingly, Kurtenbach was ordered to show cause why his IFP application should not be denied pursuant to § 1915(g).

Kurtenbach has now responded to this Court's order to show cause. *See* ECF No. 4. In that response, Kurtenbach contends that none of the three dismissals identified by this Court amounts to a strike under § 1915(g). The Court rejects each of Kurtenbach's arguments with respect to each of the three dismissals and finds, for the reasons provided below, that each of those dismissals is a strike under § 1915(g). And because Kurtenbach has struck out of federal court, his IFP application must be denied.

### I. *Kurtenbach v. Hughes County*, No. 3:21-CV-3003 (District of South Dakota)

In February 2021, Kurtenbach brought claims under the Electronic Communications Privacy Act against Reliance Telephone Services (the defendant in this action) and Hughes County, South Dakota, in the United States District Court for the District of South Dakota. On preservice review of the complaint under 28 U.S.C. § 1915A(b), the District of South Dakota dismissed the action for failure to state a claim upon which relief may be granted. *See Kurtenbach v. Hughes County*, No. 3:21-CV-3003 (JLV), 2021 WL 1599172, at *2 (D.S.D. Apr. 23, 2021). Kurtenbach argues in his response to the order to show cause that because the appeal from that dismissal remained pending before the United States Court of Appeals for the Eighth Circuit at the time this

lawsuit was filed,[1] the South Dakota dismissal cannot be regarded as a strike.  *See* Pl. Resp. at 1-2 [ECF No. 4].

Kurtenbach cites to a handful of cases from around the country, including a decision of the Eighth Circuit, for the proposition that a dismissal does not result in a strike under § 1915(g) until the appellate process for that dismissal has fully concluded.  *See, e.g.*, *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952-53 (8th Cir. 2006) (per curiam). Unfortunately for Kurtenbach, however, the Supreme Court of the United States has since that time reached the opposite conclusion, holding that "courts must count the dismissal [as a strike] even though it remains pending on appeal."  *Coleman v. Tollefson*, 575 U.S. 532, 534 (2015).  The cases cited by Kurtenbach to the contrary in his response predate *Coleman* and are no longer good law following *Coleman*.  *See id*. at 536-37; *Hammler v. California*, No. 1:19-CV-1057-LJO-SAB (PC), 2019 WL 5692237, at *2 (E.D. Cal. Nov. 9, 2019) (recognizing *Campbell* to have been abrogated by *Coleman*).

The District of South Dakota's dismissal for failure to state a claim on which relief may be granted constitutes a strike until such time that the dismissal is reversed or vacated on appeal.  Because that has not yet happened, the dismissal currently counts as a strike for purposes of determining whether Kurtenbach is eligible to proceed IFP in this case.

---

[1] The Eighth Circuit summarily affirmed the dismissal on October 25, 2021, the same day that the Court received Kurtenbach's complaint in this matter.  Kurtenbach's petition for rehearing was denied by the Eighth Circuit on November 29, 2021.

## II. *Kurtenbach v. Corizon Health Inc.*, No. 2:13-CV-0147 (SWS) (District of Wyoming)

In 2013, Kurtenbach sued a prison medical-services provider in the United States District Court for the District of Wyoming on two state-law claims, including a claim of medical malpractice. The defendant moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure — i.e., for "failure to state a claim upon which relief can be granted." Kurtenbach did not respond to the motion to dismiss. Despite Kurtenbach's silence, the Wyoming court conducted a substantive review of the complaint and concluded that with respect to both claims presented to the court, Kurtenbach had "failed to set forth a claim [that] is plausible on its face." *Kurtenbach v. Corizon Health Inc.*, No. 2:13-CV-0147 (SWS), ECF No. 14 at 2 (D. Wyo. Jan. 3, 2014). The absence of a plausible claim for relief in the complaint was the only basis for dismissal provided in the order.

Kurtenbach offers two arguments as to why the dismissal nevertheless should not be regarded by this Court as a strike. First, Kurtenbach argues that the dismissal is not a strike because the dismissing court did not expressly label the dismissal as a strike or invoke a statute permitting preservice dismissal of the complaint, such as § 1915A(b) or 28 U.S.C. § 1915(e)(2)(B)(ii).[2] But nothing in § 1915(g) or the surrounding case law requires district courts to designate strikes at the time of dismissal, and at least one federal appellate court has concluded that "district courts *should not* issue these strikes one by one,

---

[2] Section 1915(e)(2)(B) permits preservice review of a pleading submitted by an IFP applicant. Because Kurtenbach was a prisoner applying for IFP status, his complaint would have been subject to review under both § 1915A(b) and § 1915(e)(2)(B).

in their orders of judgment, as they dispose of suits that may ultimately — upon determination at the appropriate time — qualify as strikes under the terms of § 1915(g)." *DeLeon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004) (emphasis added). Even where a district court does designate a dismissal as a strike under § 1915(g), a court reviewing a litigant's eligibility for IFP status may not rely upon that designation. *See Fourstar v. Garden City Grp., Inc.*, 875 F.3d 1147, 1153 (D.C. Cir. 2017) ("[A] later district court may not defer to an earlier district court's contemporaneous decision to label a dismissal as a strike."). Nor, contra Kurtenbach, does § 1915(g) provide that only cases dismissed on preservice review may be treated strikes. By its own plain terms, *any* dismissal of a prisoner lawsuit or appeal due to frivolity, maliciousness, or failure to state a claim upon which relief may be granted constitutes a strike under § 1915(g). *See, e.g.*, *Blakely v. Wards*, 738 F.3d 607, 617 (4th Cir. 2013) (holding that dismissal on summary-judgment motion constitutes strike where order states on its face that the pleading is frivolous, malicious, or fails to state a claim on which relief may be granted).

Kurtenbach's second argument is more subtle. Under federal law, a prisoner bringing claims regarding prison conditions must first exhaust available administrative remedies at the correctional facility before proceeding in federal court. *See* 42 U.S.C. § 1997e(a). But because a prisoner need not affirmatively plead in his complaint that he has exhausted available administrative remedies, a dismissal under § 1997e(a) for failure to exhaust is not a dismissal for failure to state a claim on which relief may be granted, and therefore a dismissal for failure to exhaust prison remedies may not be regarded as a strike,

at least absent a finding that the lawsuit is otherwise frivolous or malicious.  *See, e.g.*, *Owens v. Isaac*, 487 F.3d 561, 563 (8th Cir. 2007) (per curiam).

The lawsuit brought by Kurtenbach in the District of Wyoming was not dismissed under § 1997e(a), but one of the claims presented in the Wyoming lawsuit was for medical malpractice, and under Wyoming law, a litigant alleging medical malpractice must first submit a pre-suit administrative claim to a state medical review panel for evaluation.  *See* Wyo. Stat. Ann. §§ 9-2-1518(a), 9-2-1519.  In other words, Wyoming law creates an exhaustion requirement for medical-malpractice claims that is not altogether dissimilar to the exhaustion requirement created by federal law for prison-conditions claims.

The District of Wyoming dismissed the medical-malpractice claim on the grounds that Kurtenbach had not alleged that he had exhausted this medical panel review process. Reasoning from the cases finding that a dismissal for failure to exhaust administrative remedies under § 1997e(a) does not constitute a strike, Kurtenbach argues that a dismissal for failure to submit the medical-malpractice claim to the Wyoming medical review panel should not be regarded as a strike, either.

The problem for Kurtenbach is that the District of Wyoming expressly concluded while dismissing Kurtenbach's lawsuit that, in the context of medical-malpractice claims brought under Wyoming law, a litigant must affirmatively plead that the claim has been presented to the state administrative review panel.  *See Corizon Health Inc.*, No. 2:13-CV-0147 (SWS), ECF No. 14 at 5 ("Plaintiff's Complaint does not assert that he has complied with this prerequisite to bringing suit and as such he cannot state a plausible claim for relief.").  This differs from the federal-law exhaustion requirement under § 1997e(a), which

6

need not be affirmatively pleaded in the complaint. The distinction is critical. Kurtenbach's medical-malpractice claim failed according to the District of Wyoming because it had been insufficiently pleaded, not because Kurtenbach had in fact failed to exhaust administrative remedies.

This Court has already explained that whether a dismissing court labels a dismissal as a strike does not matter. Conversely, though, this Court may not look beyond the substantive grounds for dismissal provided for by the dismissing court and conclude that an action should have been dismissed for another reason, or not dismissed at all:

> IFP motions present no occasion for relitigating final judgments. Thus, even though a court may believe that a previous court erred by dismissing an unexhausted complaint under Rule 12(b)(6) or by failing to do so, all that matters for the purpose of counting strikes is what the earlier court actually did, not what it ought to have done.

*Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 438-39 (D.C. Cir. 2007); *see also Daker v. Commissioner, Georgia Dep't of Corrections*, 820 F.3d 1278, 1284 (11th Cir. 2016); *Knapp v. Hogan*, 738 F.3d 1106, 1009 (9th Cir. 2013) ("It is well-settled that, in determining a § 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it."). This Court must look — and may only look — to the grounds for dismissal provided by the dismissing court and determine whether those grounds fall within the categories enumerated by § 1915(g). *See Escalera v. Samaritan Village*, 938 F.3d 380, 382-84 (2d Cir. 2019). The District of Wyoming concluded that Kurtenbach's complaint failed to state a claim on which relief may be granted and offered no other basis for dismissal. That dismissal therefore amounts to a strike under § 1915(g).

7

### III. *Kurtenbach v. Bertsch*, No. 5:12-CV-5077 (JLV) (District of South Dakota)

Kurtenbach was a prisoner of Wyoming from 2007 to 2008, a prisoner of North Dakota from 2008 to 2010, a prisoner of South Dakota from 2010 to 2012, and a prisoner of Wyoming from mid-2012 onward for some time.  Shortly after his transfer back to the custody of the State of Wyoming, Kurtenbach filed an action in the District of South Dakota arguing that Wyoming officials had misinterpreted or misapplied the sentencing orders entered by the North Dakota and South Dakota courts and that, as a result, he should not still have been incarcerated in Wyoming.  Kurtenbach claimed that his constitutional rights had been violated by the incarceration and sought both compensatory and punitive damages under 42 U.S.C. § 1983; he also requested declaratory relief and "[a]ny additional relief this court deems just, proper, and equitable."  *Kurtenbach v. Bertsch*, No. 5:12-CV-5077 (JLV), ECF No. 14 ¶ 78 (D.S.D. filed Mar. 8, 2013) (amended complaint).

The lawsuit was dismissed on the grounds that the § 1983 claims were barred by the doctrine set forth by *Heck v. Humphrey*, which provides that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. 477, 486-87 (1994) (footnote and citation omitted).  The Eighth Circuit has concluded previously, albeit in an unpublished table opinion, that a dismissal under *Heck* constitutes a strike under § 1915(g).  *See Armentrout v. Tyra*, 175 F.3d 1023 (8th Cir. 1999)

(per curiam).  This Court therefore noted in its order to show cause that the dismissal of the District of South Dakota litigation on *Heck* grounds likely constituted a strike.

Kurtenbach objects to this Court counting this dismissal as a strike for four reasons:

The first objection is that, as in the District of Wyoming action, the dismissal was not labeled as a strike at the time it was entered.  Again, however, a dismissing court need not label a dismissal as a strike for the dismissal to later count as a strike.  *See Fourstar*, 875 F.3d at 1152 ("If Congress wanted district courts to contemporaneously label dismissals as strikes or wanted those labels to bind later district courts, Congress could have said so in the PLRA.  Congress said no such thing.").  It is the substance of the dismissal that determines whether a strike is assessed under § 1915(g).

The second objection is that the conclusion of *Armentrout* is "dicta" and should not be followed.  Pl. Resp. at 3.  Kurtenbach is correct that *Armentrout* is not controlling on this Court in the same way that a published decision of the Eighth Circuit would be controlling, and he is also correct that the finding in *Armentrout* that a dismissal under *Heck* constitutes a strike was not essential to the decision made in that case.  But the conclusion of *Armentrout* that a dismissal under *Heck* constitutes a strike under § 1915(g) is hardly an outlier position, *see, e.g.*, *Garrett v. Murphy*, Nos. 20-2719 & 21-2810, slip op. at *10-11 (3d Cir. Oct. 29, 2021), http://www2.ca3.uscourts.gov/ opinarch/202719p.pdf (collecting cases),[3] and the statement in *Armentrout* remains the

---

[3] The decision in *Garrett* has been assigned a volume number and initial pagination in the Federal Reporter at this time (*see* 17 F.4th 419) but has not yet been assigned intermediate paginations.

clearest indication of how the Eighth Circuit would be likely to decide the issue in a published opinion. And separate from the effect of *Armentrout* or any prediction regarding how the Eighth Circuit would decide the issue, this Court concludes that the rationale provided in cases such as *Garrett* is convincing, that favorable termination of the criminal judgment is a necessary element of claims barred by *Heck*, and that "[w]ithout favorable termination, a plaintiff lacks a claim, and the complaint must be dismissed as premature for failure to state a claim." *Id*. at *12.

Kurtenbach's third objection is that other courts have concluded that dismissals under *Heck* do not always constitute strikes for purposes of § 1915(g). The case cited by Kurtenbach for this proposition, however, is not as helpful to him as he believes. In *Washington v. Los Angeles County Sheriff's Department*, the United States Court of Appeals for the Ninth Circuit reached two conclusions regarding the application of § 1915(g) to dismissals under *Heck*. 833 F.3d 1048, 1056-57 (9th Cir. 2016). The first conclusion — that an *entire* action must be dismissed under *Heck* (or on other grounds enumerated by § 1915(g)) for that dismissal to constitute a strike — is consistent with case law in the Eighth Circuit and elsewhere. *Id*. at 1055. This does Kurtenbach little good, however, as he presented only one claim to the District of South Dakota, and that solitary claim was dismissed pursuant to *Heck*. The second conclusion of the Ninth Circuit is more dubious. That court noted, correctly, that habeas petitions are not civil actions for purposes of § 1915(g) and that the dismissal of a habeas petition does not constitute a strike under that provision. The Ninth Circuit then reasoned that because claims for injunctive relief from a conviction or sentence sound in habeas corpus, the dismissal of a civil action that

10

attacks the validity of a conviction or sentence and seeks injunctive relief from that conviction or sentence does not amount to a strike under *Heck*, even if that action also sought monetary relief. *Id*. at 1056-57.

No other federal appellate courts appear to have followed the lead of *Washington* and its division of *Heck*-barred claims into monetary and injunctive categories; the Third Circuit in *Garrett* very recently rejected the approach; and, like the Third Circuit, this Court finds little to recommend it. *See Garrett*, slip op. at *14-15, *18-20. But leaving all that aside, the dismissal under *Heck* of the action brought by Kurtenbach in the District of South Dakota would constitute a strike even under the logic of *Washington*, as nowhere in that complaint did Kurtenbach expressly seek injunctive relief from his conviction or sentence beyond a vague request for "additional relief" that might be "just, proper, and equitable" in nature. Never did Kurtenbach request in that pleading that he be freed from detention or that prison officials be enjoined from carrying out his sentence. Rather, Kurtenbach's clear and plain request was for monetary relief; even *Washington* recognizes the dismissal of such claims under *Heck* as being strikes under § 1915(g).

Finally, in his fourth objection, Kurtenbach suggests that the action should not have been dismissed pursuant to *Heck* because "he had prevailed on a habeas corpus action in South Dakota state court, so *Heck* may not have been applicable." Pl. Resp. at 4. But the fact remains that the South Dakota lawsuit was, in fact, dismissed pursuant to *Heck*. The Court may not look beyond that explanation, and Kurtenbach may not collaterally challenge the order of dismissal through this litigation. *See Thompson*, 492 F.3d at 438-39. The dismissal constitutes another strike.

11

## CONCLUSION

Kurtenbach has accrued three strikes and is therefore ineligible to proceed IFP unless he can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  The complaint filed by Kurtenbach in this matter offers no such allegation.  Accordingly, Kurtenbach's IFP application is denied.

Kurtenbach may prosecute this matter as a non-IFP litigant through payment of the $402 filing fee by no later than **December 30, 2021**.   Failure to do so will result in a recommendation that this matter be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1.   The application to proceed *in forma pauperis* of plaintiff Matthew Kurtenbach [ECF No. 2] is **DENIED**.

2.   Kurtenbach must pay the $402 filing fee for this matter by no later than **December 30, 2021**, failing which it will be recommended that this matter be dismissed without prejudice for failure to prosecute.


Date: December_6_, 2021                          _____*s/ Tony N. Leung*_____
                                                Tony N. Leung
                                                United States Magistrate Judge
                                                District of Minnesota


                                                *Kurtenbach v. Reliance Telephone Services*
                                                Case No. 21-cv-2376 (DSD/TNL)